IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| V. | * | CRIMINAL NO. W-19-CR-337 |
| | * | |
| JAMES H. STEVENS | * | |

FACTUAL BASIS

Had this case proceeded to trial, the United States Attorney for the Western District of Texas was prepared to prove and would prove beyond a reasonable doubt that:

On or about June 27, 2019, in the Western District of Texas, Defendant,

**JAMES H. STEVENS,**

did knowingly possess and attempt to possess material which contained one or more images of child pornography, to-wit: images depicting minors, including prepubescent minors and minors who had not attained twelve (12) years of age, engaging in genital-genital, anal-genital, oral-genital sexual intercourse and lascivious exhibition of the genitals and pubic area, that had been mailed, shipped and transported using any means and facility of interstate and foreign commerce, and that had been produced using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce, by any means, including by computer, all in violation of Title 18, United States Code, Sections 2252A(a)(5)(B), 2252A(b)(2), and 2256(8)(A).

Specifically, the United States Attorney would prove beyond a reasonable doubt that:

On or about November 27, 2018, a cyber tip was reported to the National Center for Missing and Exploited Children (NCMEC). The cyber tip was sent to Homeland Security Investigations (ICE) in Austin, Texas for review. Agents determined that a Google account

belonging to the Defendant, JAMES H. STEVENS, contained approximately 61 files that depicted child exploitation material.

During March, 2019, HSI received information from the South Australian Police that the Defendant was involved with others in a group that was sharing videos and images of child pornography.

In June, 2019, HSI met with the Defendant at his residence in Bell County, Texas, which is located in the Waco Division of the Western District of Texas. STEVENS was advised of the investigation and his Miranda rights, which he waived. STEVENS admitted to owning and operating accounts which had been involved in sharing child pornography. He admitted that he downloaded and possessed images and videos depicting child pornography. STEVENS also told agents some of the material was maintained in a Google Cloud account belonging to him. The Defendant consented to agents searching his devices.

During the forensic analysis of the Defendant's cell phone, images were discovered of Minor Victim #1, a four year old child. Further investigation discovered some of the images depicted a sleeping Minor Victim #1 with a pantless adult male, exposing his erect penis next to Minor Victim #1. The pantless adult male would later be identified as the Defendant.

Investigators discovered geo-location information contained in the images which returned to Shady Oakes Trailer Park in Rockdale, Texas. Investigators determined the minor lived with his biological father at the trailer park. Investigators travelled to Rockdale and knocked on the door. The biological father of Minor Victim #1 opened the door and agents could see the Defendant lying on a bed with Minor Victim #1 sitting next to him. Both were fully clothed. During an interview, the biological father related that Minor Victim #1 suffered from a cognitive

disability and lacked specific skills that would be normally associated with a child of that age. Minor Victim #1 is also non-verbal.   The father admitted that he and the Defendant were involved in a relationship and that they used methamphetamine which was in the trailer.   Agents seized the methamphetamine.   Both men were arrested and Child Protective Services was notified.

During the forensic examination, agents located approximately 121 images and 24 videos of child pornography on STEVENS' computer, phones and accounts.   In addition, images were discovered of Minor Victim #1 clothed only in his underwear and the Defendant is depicted rubbing Minor Victim #1's penis through his underwear.

The offense took place in the Waco Division of the Western District of Texas.   Some of the victims depicted in the images of child pornography were of identified victims who, at the time of their exploitation, lived in states other than Texas and countries other than the United States. Therefore, their images travelled in interstate and foreign commerce.   In addition, the images of child pornography possessed and distributed by the Defendant were produced on materials that had travelled in interstate and foreign commerce.   Interstate and foreign commerce were also utilized because the Defendant used the Internet.

    Respectfully submitted,

    JOHN F. BASH
    United States Attorney

    /s/ *Gregory S. Gloff*

By:    GREGORY S. GLOFF
    Assistant United States Attorney